# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

LAND COURT DEPARTMENT
OF THE TRIAL COURT
C.A. No. 294558

---

FAIRBANKS CAPITAL CORP., AS
SERVICER FOR BANK ONE, N.A. F/K/A
THE FIRST NATIONAL BANK OF
CHICAGO, AS TRUSTEE UNDER THE
POOLING AND SERVICING
AGREEMENT DATED AS OF
SEPTEMBER 1, 1998, SERIES 1998-B,

     Plaintiff,

v.

JAMES MORIN, NANCY MORIN AND
THERESA MORIN, UNITED STATES OF
AMERICA AND VERIZON YELLOW
PAGES COMPANY F/K/A BELL
ATLANTIC ATLANTIC YELLOW PAGES CO. F/K/A
NYNEX INFOR,

     Defendants.

---

## VERIFIED COMPLAINT TO REFORM MORTGAGE

## INTRODUCTION

This complaint is brought pursuant to M.G.L. c. 185 § 1 and seeks to reform the

mortgage given by the Defendants, James Morin, Nancy Morin, and Theresa Morin which is

currently held by Bank One, N.A. f/k/a The First National Bank of Chicago as Trustee under the

Pooling and Servicing Agreement dated as of September 1, 1998, Series 1998-B and being

serviced by Fairbanks Capital Corp. ("Fairbanks"). The Plaintiff, Fairbanks, is the servicer of a

first mortgage of record with respect to the property located at 256 Lynnfield Street, Peabody, MA 01960. The mortgage being serviced by Fairbanks contains a property description which is incomplete, contains errors and is missing information that would make the description accurate. Fairbanks seeks to reform the mortgage to include the correct description of the property located at 256 Lynnfield Street, Peabody, Essex County, Massachusetts, as was intended by the parties at the time that the mortgage was executed.

## PARTIES

1.  The Plaintiff, Fairbanks, is a financial institution with a principal address 3815 South West Temple, Salt Lake City, UT 84115-4412.

2.  The Defendants, James Morin , Nancy Morin and Theresa Morin ("Defendants"), are, upon information and belief, individuals with a last known address of 256 Lynnfield Street, Peabody, MA 01960.

3.  The Defendant, the United States of America, is upon information and belief a federal agency with a mailing address of, Special Procedures, P.O. Box 9112, Stop 20800, J.F.K. Post Office, Boston, MA 02031.

4.  The Defendant, Verizon Yellow Pages Company f/k/a Bell Atlantic Yellow Pages Co. f/k/a Nynex Infor is a corporation with a mailing address c/o Smith, Levenson, Cullen & Aylward, P.C., 5 Essex Green Drive, Peabody, MA 01960.

## FACTS

5.  On or about June 22, 1998, the Defendants granted a Note in the amount of $128,000.00 to WMC Mortgage Corp. (hereinafter the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit "A".

6.   The Note was secured by the Mortgage on the property located at 256 Lynnfield Street, Peabody, Essex County, Massachusetts (hereinafter the "Mortgage"). The Mortgage is recorded in the Essex County Registry of Deeds at Book 14895 Page 494. A true and accurate copy of the Mortgage is attached hereto as Exhibit "B".

7.   Fairbanks is the servicer for the current holder by assignment of the Mortgage. The assignment is recorded at Book 16500 Page 516 with the Essex County Registry of Deeds. A true and accurate copy of the Assignment is attached hereto as Exhibit "C".

8.   The Defendants, James Morin, Nancy Morin and Theresa Morin are the record owners of the Property located at 256 Lynnfield Street, Peabody, Essex County, Massachusetts (hereinafter the "Property"), by virtue of a Deed recorded at Book 11449, Page 446 with the Essex County Registry of Deeds. The description in said deed references the property as "Lot A". A true and accurate copy of the Deed is attached hereto as Exhibit "D".

9.   The Defendants, Theresa E. Morin and James A. Morin are the record owners of the property located at Lot A1 Rear, 256 Lynnfield Street, Peabody, Essex County, Massachusetts, by virtue of a Deed recorded at Book 14308, Page 273 with the Essex County Registry of Deeds. A true and accurate copy of the Deed is attached hereto as Exhibit "E".

10.  The Defendant, the United States of America, is the holder of a Federal Tax Lien dated June 3, 2002, and recorded on June 5, 2002 in Book 18792 at Page 92 in the Essex County Registry of Deeds in the original amount of $225,604.25.

11.  The Defendant, Verizon Yellow Pages Company f/k/a Bell Atlantic Yellow Pages Co. f/k/a Nynex Infor is the holder of an execution dated September 9, 2002 and recorded on

September 20, 2002 at Book 19263, Page 502 in the Essex Count Registry of Deeds in the original amount of $22,583.82.

12.   It was the intent of all parties that the Defendants encumber the above-referenced Property, Lot A and Lot A1 as collateral for the Mortgage as evidenced by the loan documents signed by the Defendants and submitted herewith.

13.   The Mortgage description omits Lot A on Schedule A and incorrectly describes the mortgaged property as:

"The land with the buildings thereon in Peabody, Essex County, Massachusetts, being described as follows:

Lot A1 as shown on a Plan entitled "Subdivision Plan of Land located in Peabody, Mass., prepared by Eastern Land Survey, Associates, Inc., Christopher R. Mello, PLS, 104 Lowell Street, Peabody, MA 01960, scale 1" = 20', dated July 31, 1997 and prepared for Theresa E. Morin, et al.", which Plan is recorded with the Essex South Registry of Deeds in Plan Book 310, Plan 86.

For title see deed dated August 25, 1997, and recorded at the said Registry at Book 14308, Page 274."

14.   Defendants are in default pursuant to the terms of the Note and Mortgage.

15.   In order to complete a foreclosure of the property, it is necessary to reform the Mortgage description to accurately describe the property the parties intended to mortgage.

### COUNT I
### (Reformation of Mortgage/Mutual Mistake)

16.   Plaintiff restates and realleges the allegations set forth in Paragraphs 1-15 of this complaint.

17.   It was the intention of the parties to the mortgage that the Mortgage encumber the property located at 256 Lynnfield Street, Peabody, Essex County, MA, Lot A and Lot A1. This is evidenced by the fact that James Morin, Nancy Morin and Theresa Morin

signed the Mortgage because all three of them are record owners by virtue of the deed

recorded at Book 11449, Page 446 with the Essex County Registry of Deeds.

18.    Due to a mutual mistake of the parties, and a scrivener's error, Schedule A of the

Mortgage is incorrect because it fails to include Lot A.

19.    Fairbanks requests that Exhibit A of the Mortgage be reformed so that it reads as follows:

"The land with the buildings thereon situated on Lynnfield Street in Peabody,
Essex County, Massachusetts and being shown as Lot A on a plan entitled "Plan
Showing Sub-division of Land in Peabody, Mass." Belonging to George A.
Warren dated July, 1954, F.J. McCarthy, Reg. No. 2399 and recorded with the
Essex South District Deeds in Book 4087, Page 411, bounded and described as
follows:

Northerly:  by Lynnfield Street, 85.00 feet;

Easterly:  by Pulsifer Ave. as shown on said plan, 93.50 feet, more or less;

Southerly:  by Lots 60, 59 and 58 as shown on said plan, 68.00 feet, more or less;
and

Westerly:  by Lot B as shown on said plan, 100.00 feet.

Containing 7401 square feet of land, more or less, according to said plan.
FOR TITLE SEE DEED DATED 7/30/97 AND RECORDED AT SAID REGISTRY AT
BOOK 11449 PAGE 466.
~~Being the same premises conveyed to me by Deed of Charles B. Decker et ux
dated November 20, 1964 and recorded with the Essex South District Registry of
Deeds in Book 5226, Page 139. Arthur Morin died on November 3, 1980. See
Death Certificate Recorded herewith.~~

"The land with the buildings thereon in Peabody, Essex County, Massachusetts,
being described as follows:

Lot A1 as shown on a Plan entitled "Subdivision Plan of Land located in
Peabody, Mass., prepared by Eastern Land Survey, Associates, Inc., Christopher
R. Mello, PLS, 104 Lowell Street, Peabody, MA 01960, scale 1" = 20', dated July
31, 1997 and prepared for Theresa E. Morin, et al.", which Plan is recorded with
the Essex South Registry of Deeds in Plan Book 319, Plan 86.

For title see deed dated August 25, 1997, and recorded at the said Registry at
Book 14308, Page 279."

**WHEREFORE,** the Plaintiff, Fairbanks requests that this Court:

1.  Reform the Mortgage by substituting the Property description Schedule A to read:

    "The land with the buildings thereon situated on Lynnfield Street in Peabody, Essex County, Massachusetts and being shown as Lot A on a plan entitled "Plan Showing Sub-division of Land in Peabody, Mass." Belonging to George A. Warren dated July, 1954, F.J. McCarthy, Reg. No. 2399 and recorded with the Essex South District Deeds in Book 4087, Page 411, bounded and described as follows:

    Northerly: by Lynnfield Street, 85.00 feet;

    Easterly: by Pulsifer Ave. as shown on said plan, 93.50 feet, more or less;

    Southerly: by Lots 60, 59 and 58 as shown on said plan, 68.00 feet, more or less; and

    Westerly: by Lot B as shown on said plan, 100.00 feet.

    Containing 7401 square feet of land, more or less, according to said plan. ~~For Title see deed dated July 30, 1992, and recorded at said Registry at Book 11449 Page 466.~~ ~~Being the same premises conveyed to me by Deed of Charles B. Decker et ux dated November 20, 1964 and recorded with the Essex South District Registry of Deeds in Book 5226, Page 139. Arthur Morin died on November 3, 1980. See Death Certificate Recorded herewith.~~

    "The land with the buildings thereon in Peabody, Essex County, Massachusetts, being described as follows:

    Lot A1 as shown on a Plan entitled "Subdivision Plan of Land located in Peabody, Mass., prepared by Eastern Land Survey, Associates, Inc., Christopher R. Mello, PLS, 104 Lowell Street, Peabody, MA 01960, scale 1" ≈ 20', dated July 31, 1997 and prepared for Theresa E. Morin, et al.", which Plan is recorded with the Essex South Registry of Deeds in Plan Book 319, Plan 86.

    For title see deed dated August 25, 1997, and recorded at the said Registry at Book 14308, Page 273."

2.  Reform the Exhibit A to reference the mortgagor's title as both the Deeds into the

    Defendants recorded at Book 11449 Page 446, and Book 14308, Page 273 of the Essex

    County Registry of Deeds;

3.   Put Fairbanks in first lien position for the property at 256 Lynnfield Street, Peabody, MA

     with respect to its Mortgage on Lots A and A1;

4.   Award Plaintiff its attorney's fees and costs; and

5.   Order such other relief as the court deems just and proper.


PLAINTIFF'S VERIFICATION:

The Plaintiff, Fairbanks Capital Corp. as servicer for Bank One, N.A. f/k/a The First National Bank of Chicago as Trustee under the Pooling and Servicing Agreement dated as of September 1, 1998, Series 1998-B hereby certifies having read this complaint and further acknowledges that the facts stated therein are true and that no material facts have been omitted therefrom.

Signed under the Penalties of Perjury, this _18_ day of November 2003

> **FAIRBANKS CAPITAL CORP. AS SERVICER FOR BANK ONE, N.A. F/K/A THE FIRST NATIONAL BANK OF CHICAGO AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 1998, SERIES 1998-B**
>
> By: Brian Jones
> Its: Counsel for Fairbanks Capital Corp. as
>      Attorney in fact for Bank One

STATE OF UTAH

_____, ss                                          November 18, 2003

     Then personally appeared the above-named Brian Jones and acknowledged the foregoing instrument to be his/her free act and deed.

Notary Public
CINA G. TOLMAN
215 South 200 East
Salt Lake City, Utah 84111
My Commission Expires
June 18, 2006
State of Utah

_____, Notary Public

My Commission expires: .

Respectfully submitted,
**FAIRBANKS CAPITAL CORP., AS
SERVICER FOR BANK ONE, N.A.
F/K/A THE FIRST NATIONAL BANK
OF CHICAGO, AS TRUSTEE UNDER
THE POOLING AND SERVICING
AGREEMENT DATED AS OF
SEPTEMBER 1, 1998, SERIES 1998-B**
By its Attorneys,

Veronica C. Viveiros
BBO#631233
David Rosen
BBO# 552866
HARMON LAW OFFICES, P.C.
P.O. Box 610389
Newton Highland, MA 02161
(617) 558-0500

DATED: November 25, 2003
Q:\VCV\Land Court Complaints to Remove Cloud\Morin cmt to reform mtg.doc

Borrower: _Morin_    Loan #: _10190813_

Branch: _ES_    Date Funded _6-26_

Please check the box for each document included
Please include only one copy of each document (except in the Collateral Mini)

Stacking Order Cover Sheet
One certified copy of the Promissory Note with Riders
Copy of Allonge/Note Endorsement to WMC if docs in correspondent's name
One certified copy of the Deed of Trust/Mortgage with Riders
One certified copy of Assignment of DOT/Mtg to WMC if docs in correspondent's name
Hazard Insurance Policy or Binder
Condos—Master Policy with Unit Endorsement
Flood Certification
Flood Insurance policy, if applicable
Final HUD-1 Settlement Statement with Attachments
Certified copy of executed Power of Attorney, if any
Closing Confirmation/Recorder's Receipt
Lender's Closing Instructions and Addendums
Loan Disbursement Authorization (list of payoffs)
Transfer Deeds, if any (Grant, Quitclaim, Warranty, etc.)
Section 32 Disclosure, if applicable (signed 3 days before docs signed)
Notice of Right to Cancel
Final Truth-In-Lending Disclosure
Itemization/Good Faith Estimate of Settlement Charges, Final
Signature/Name Affidavit
ARM Program Disclosure
Non-Impound Notice
Notice to Applicant Regarding Property Tax and Hazard Insurance
Flood Insurance Disclosure and Authorization
Tax and Insurance Certification
Errors and Omissions/Compliance Agreement
Owner Occupancy Affidavit/Agreement
First Payment Letter
Borrower's Mailing Address Certification
Borrower's Certification and Authorization
Fair Lending Notification
ECOA Disclosure
Right to Receive Appraisal Notice
Servicing Transfer Disclosure
IRS Form 4506
California-IRS Form WR95-01
W-9 Forms for each borrower
Property tax information sheet
Employment Certification(s)
Other miscellaneous documents not mentioned above
WMC Advance Truth-In-Lending Disclosure (dated within 3 days of file receipt)
WMC Advance Good Faith Estimate (dated within 3 days of file receipt)
Broker's Advance Disclosures
State specific disclosures

| Insurance/Servicing Mini Package |
| --- |
| ☑ Copy of Note w/ Riders |
| ☒ Page 1 of Deed of Trust or Mortgage |
| ☒ Flood Certification |
| ☐ Flood Insurance |
| ☑ Hazard Ins./Condo Policy w/ unit endorsement |

Stacked by: _Jen Cool_    Fairbanks Capital Document System - October 24, 2001    1.79



EXHIBIT
A



# ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

JUNE 22, 1998            NORTH READING            MASSACHUSETTS
    [Date]                   [City]                  [State]

CERTIFIED TRUE COPY

256 LYNNFIELD STREET
PEABODY, MA 01960
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 128,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is BNC MORTGAGE CORP.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 11.7500 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on AUGUST 1 1998. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on JULY 1 2028, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 92189
LOS ANGELES, CA. 90009-2189
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 1,292.05. This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of JULY 2000, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN percentage point(s) ( 7.0000 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR INDEX - Single Family

Page 1 of 3

ELECTRONIC LASER FORMS, INC. - (800)327-0545
Fairbanks Capital Document System - October 24, 1997

1172186 (9905)
MFCD9751 (Rev.03/98)

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than     14.7500     %
or less than     11.7500     %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than     ONE PERCENT     from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than     18.2500     % or less than     11.7500     %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     3.0000     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**16. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**21. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JAMES A. MORIN                    -Borrower       NANCY R. MORIN                    -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

[Sign Original Only]

Fairbanks Capital Document System - October 24, 2003

# ADDENDUM TO NOTE
## PREPAYMENT PENALTY - FIRST ( 2 ) YEARS OF NOTE

This Addendum is made this 22ND day of JUNE, 1998, and is incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned (the "Borrower") to

WMC MORTGAGE CORP.

(the "Lender") covering the property described in the Security Instrument and located at:

256 LYNNFIELD STREET
PEABODY, MA 01960

(Property Address)

To the extent that the provisions of this Prepayment Note Addendum (the "Addendum") are inconsistent with the provisions of the Security Instrument and/or the Note, the provisions of this Addendum shall prevail over and shall supersede any such inconsistent provisions of the Security Instrument and /or the Note.

Section 5 of the Note is amended to read in its entirety as follows:

BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment".

Except as provided below, I may make a full prepayment or a partial prepayment at any time. If I make any partial prepayment, I must still make each later payment as it becomes due and in the same amount. I may make a full prepayment at any time. However, if within the first TWO ( 2 ) years after the execution of the Note I make a full prepayment or, in certain cases a partial prepayment, and the total of such prepayments in any twelve (12) month period exceed 20 percent (20%) of the original principal amount of the Note, I will pay a prepayment charge equal to two percent (2%) on any amount prepaid, subject to the following limitations: (i) if I make a full prepayment for the purpose of refinancing my loan with another financial institution, the prepayment charge will not exceed the lesser of six (6) months' interest or the sum of three (3) months' interest plus the balance of the first year's interest; and (ii) if I make a full prepayment for any other purpose, the prepayment charge will not exceed the lesser of three (3) months' interest or the remaining balance of the first year's interest. I will pay any applicable prepayment charge whether the prepayment is voluntary or involuntary (including without limitation any prepayment in connection with the Note Holder's acceleration of the unpaid principal balance of the Note).

| _____ 6/22/98 | _____ 6/22/98 |
| JAMES A. MORIN          Date | NANCY R. MORIN          Date |

| _____ | _____ |
|                 Date |                 Date |

| _____ | _____ |
|                 Date |                 Date |

MASSACHUSETTS - Addendum to Note
MFMA1900 (DRFT)                                                                    10 Specs15

JUN.22.1998 12:43PM WMC      NO.712 P.6 (24)

ASGT
B. 16500
P. 516

06/22/98 2:59 Inst. 578
BK 14895 PG 494

When Recorded, Mail To:
WMC MORTGAGE CORP.
(EQUITY SERVICES)
6320 CANOGA AVE, TH FL, TR-790 #720
WOODLAND HILLS, CA 91367

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on    JUNE 22, 1998   . The mortgagor is
JAMES R. MORIN AND NANCY R. MORIN

("Borrower"). This Security Instrument is given to
WMC MORTGAGE CORP.

which is organized and existing under the laws of    CALIFORNIA   , and whose
address is   P.O. BOX 54089
   LOS ANGELES, CA 90054    ("Lender"). Borrower owes Lender the principal sum of
ONE HUNDRED TWENTY EIGHT THOUSAND AND NO/100
       Dollars (U.S. $ 128,000.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on   JULY 1  , 2028  .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power
of sale, the following described property located in   ESSEX    County, Massachusetts:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS
EXHIBIT "A".

which has the address of   256 LYNNFIELD STREET    PEABODY    [Street, City],
Massachusetts   01960   [Zip Code] ("Property Address");

MASSACHUSETTS-Single Family-FNMA/FHLMC
UNIFORM INSTRUMENT Form 3022 9/90
(page 1 of 6)

MORA3122 - 07/94



TCM

EXHIBIT B

BK 14895 PG 500

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by applicable law, in the manner prescribed by applicable law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. Waivers. Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of courtesy and dower in the Property.

24. Rider to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

- [ ] Adjustable Rate Rider
- [ ] Graduated Payment Rider
- [ ] Balloon Rider
- [x] Other(s) [specify] Exhibit A

- [ ] Condominium Rider
- [ ] Planned Unit Development Rider
- [ ] Rate Improvement Rider

- [ ] 1-4 Family Rider
- [ ] Biweekly Payment Rider
- [ ] Second Home Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Theresa E. Morin_ (Seal)
Theresa E. Morin — Borrower

_James A. Morin_ (Seal)
James A. Morin — Borrower

_Nancy R. Morin_ (Seal)
Nancy R. Morin — Borrower

_____ (Seal)
— Borrower

_____ (Seal)
— Borrower

_____ (Seal)
— Borrower

[Space Below This Line For Acknowledgment]

COMMONWEALTH OF MASSACHUSETTS,

County ss:

On this        day of                        , before me personally appeared

and acknowledged the foregoing to be                        free act and deed.

My Commission expires:

12/01/00

_____
Notary public

[Space Below This Line Reserved for Lender and Recorder]

**BK 14895 PG 505**

### Exhibit A - Property Description

Closing date:    06/22/98

Borrower(s):     Theresa E. Morin, James A. Morin and Nancy R. Morin

Property
Address:         256 Lynnfield Street, Peabody, Massachusetts 01960

The land with the buildings thereon in Peabody, Essex County, Massachusetts being described as follows:

Lot A1 as shown on a Plan entitled "Subdivision Plan of Land located in Peabody, Mass., prepared by Eastern Land Survey, Associates, Inc., Christopher R. Mello, PLS, 104 Lowell Street, Peabody, MA 01960, scale 1"=20', dated July 31, 1997 and prepared for Theresa E. Morin, et al", which Plan is recorded with the Essex South Registry of Deeds in Plan Book 319, Plan 86.

For title see deed dated August 25, 1997, and recorded at the said registry at Book 14308, Page 274.



㉕

08/10/00  9:05 inst. 98
BK 16500 PG 516

**EXHIBIT**

C

| WMC No. | 10190613 |
| Inv Loan No. | |
| Commit. No. | WMC1994-B |
| Tax Parcel I.D. | |

Prepared By: SHERI SMART
**When Recorded, Mail To:**

WMC MORTGAGE CORP.
Attn: TR-59
P.O. BOX 54089
LOS ANGELES, CA 90054-9984

Note: This assignment should be kept with the Note and Mortgage hereby assigned.

## Assignment of Mortgage

For Valuable Consideration, WMC MORTGAGE CORP.
P.O. BOX 54089, LOS ANGELES, CA 90054

hereby grants, assigns, and transfers to: THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED SEPTEMBER 1, 1994, WMC SERIES 1994-B, WITHOUT RECOURSE,

all beneficial interest under that certain Mortgage dated  JUNE 22, 1998   in the amount of $ 128,000.00

executed by  JAMES A. MORIN AND NANCY R. MORIN

as Mortgagor, , and recorded as Instrument No. _____ on   JUNE 22, 1998  ,
in Book  14695   at Page  494   of Official Records in the office of
the Recorder of  ESSEX   County,   District,  MASSACHUSETTS ,
together with the Promissory Note secured by said Mortgage and also all rights accrued or to accrue
under said Mortgage.

~~LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS EXHIBIT "A".~~

WMC MORTGAGE CORP.

Property Address:
256 LYNNFIELD STREET
PEABODY, MA 01960

_Lorraine Best_
LORRAINE BEST                          , Assistant Secretary

Dated   JULY 21, 2000

State of California          SS
County of Los Angeles        SS

On  JULY 21, 2000   before me the undersigned, a Notary Public in and for said State, personally
appeared  LORRAINE BEST  ,  Assistant Secretary , personally known to me (or
proved to me on the basis of satisfactory evidence) to be the duly authorized person who executed the
within instrument on behalf of the Corporation, and acknowledged to me that such Corporation executed
the within instrument pursuant to its By-laws or a Resolution of its Board of Directors.

WITNESS my hand and official seal:

DORIS E. SCHAFER
Commission # 1245360
Notary Public - California
Los Angeles County
My Comm. Expires Dec 11, 2003

_Doris E. Schafer_
Notary Public in and for said County and State

WMCA9994 (3/97)
SEPTEMBER 4, 1994                                    10190613

QUITCLAIM DEED

BK 11449 PG 466
08/27/92 10:40  Inst 266

I, THERESA E. MORIN of Peabody, Essex County, Massachusetts, being unmarried, for nominal consideration

grants to THERESA E. MORIN as Joint Tenants with JAMES A. MORIN and NANCY R. MORIN, Husband and Wife as Tenants by the Entirety, all of Peabody, Essex County, Massachusetts

2002092000666 Bk:19263 Pg:504
09/20/2002 14:38:00  EXON Pg 3/4

QUITCLAIM COVENANTS

The land with the buildings thereon situated on Lynnfield Street in Peabody, Essex County, Massachusetts and being shown as Lot A on a plan, entitled "Plan Showing Sub-division of Land in Peabody, Mass." belonging to George A. Warren dated July, 1954, F. J. McCarthy, Reg. No. 2399 and recorded with Essex South District Deeds in Book 4087, Page 411, bounded and described as follows:

Northerly:  by Lynnfield Street, 85.00 feet;

Easterly:   by Pulsifer Ave. as shown on said plan, 93.50 feet, more or less;

Southerly:  by Lots 60, 59 and 58 as shown on said plan, 68.00 feet, more or less; and

Westerly:   by Lot 8 as shown on said plan, 100.00 feet.

Containing 7401 square feet of land, more or less, according to said plan.

Being the same premises conveyed to me by Deed of Charles B. Decker et ux dated November 20, 1964 and recorded with the Essex South District Registry of Deeds in Book 5226, Page 139. Arthur Morin died on November 3, 1980. See Death Certificate recorded herewith.

Witness my hand and seal this 30th day of July, 1992.

_____          _____
Witness                            Theresa E. Morin

THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    July 30, 1992

Then personally appeared the above named, Theresa E. Morin, and acknowledged the foregoing instrument to be her free act and deed, before me

_____
Notary Public
My Commission Expires: Aug 30, 1996

LOCUS:  256 LYNNFIELD STREET, PEABODY, MA 01960
GRANTEES ADDRESS:  256 LYNNFIELD STREET, PEABODY, MA 01960

EXHIBIT
D

*Return to:*
*Box 65*
*1.*
*6v*

## QUITCLAIM DEED

09/08/97 3151 inst. 422
BK 14308 PG 27

2002092000666 Bk:19263 Pg:505
09/20/2002 14:38:02 EXON Pg 4/4

I, **STEPHEN J. MONTIBELLO** of 17205 Jigsaw Pathway, Roundrock, Texas 78664, for consideration paid, and in full consideration of TWO THOUSAND NINETY-ONE ($2,091.00) **DOLLARS**

grant to **THERESA E. MORIN** and **JAMES A. MORIN** as joint tenants of 256 Lynnfield Street, Peabody, Essex County, Massachusetts

with *Quitclaim Covenants*

The land in Peabody, Essex County, Massachusetts being described as follows:

Lot A1 containing 5,992 +/- s.f. of land as shown on a Plan entitled "Subdivision Plan of Land located in Peabody, Mass., prepared by Eastern Land Survey Associates, Inc., Christopher R. Mello, PLS, 104 Lowell Street, Peabody, MA 01960, scale 1" = 20', dated July 31, 1997 and prepared for Theresa E. Morin, et al", which Plan is recorded herewith.

Being a portion of that land described shown as Parcel Five on a Deed to grantors dated July 21, 1997 and recorded with Essex South District Registry of Deeds in Book 14220, Page 56.

**Property Location: Rear 256 Lynnfield Street, Peabody**

*Witness* my hand and seal this day 21 of August, 1997.

SUE JOHNSTON
Notary Public
STATE OF TEXAS
My Comm. Exp. 06/13/2000

STEPHEN J. MONTIBELLO

### STATE OF TEXAS

, ss

August 24, 1997

Then personally appeared the above-named **STEPHEN J. MONTIBELLO**, and acknowledged the foregoing instrument to be his free act and deed, before me.



Sue Johnston
Notary Public:
My Commission Expires: June 29 2000

EXHIBIT
E

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                  LAND COURT DEPARTMENT
                                             DOCKET NO. 294558

```
_____
                                    )
FAIRBANKS CAPITAL CORP., as          )
Servicer for Bank One, N.A. f/k/a    )
The First National Bank of Chicago,  )
as Trustee Under the Pooling and     )
Servicing Agreement Dated as of      )
September 1, 1998, Series 1998-B,    )
                                    )
              Plaintiff,             )
                                    )
v.                                  )
                                    )
JAMES MORIN, NANCY MORIN,            )
THERESEA MORIN, UNITED STATES       )
OF AMERICA, and VERIZON YELLOW      )
PAGES COMPANY, f/k/a Bell Atlantic   )
Yellow Pages Co. f/k/a NYNEX INFOR., )
                                    )
              Defendants.            )
```

## CERTIFICATE OF SERVICE

I hereby certify that on this day I gave notice of the filing of the defendant, United

States of America's NOTICE OF FILING OF NOTICE OF REMOVAL by mailing copy of

same, postage prepaid, first class mail to:

Veronica C. Viveiros, Esq.
Harmon Law Offices
P. O. Box 610389
Newton Highlands, MA  02461-0389

James Morin, Nancy Morin
   and Theresa Morin
256 Lynnfield Street
Peabody, MA 01960

-2-

Verizon Yellow Pages Co.
f/k/a Bell Atlantic Yellow Pages Co. f/k/a Nynex Infor
c/o Smith, Levenson, Cullen & Aylward, P.C.
5 Essex Green Drive
Peabody, MA 01960


BARBARA HEALY SMITH
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA 02210
(617) 748-3282
BBO #552726

DATED: January 23, 2004